# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GENNARELLI, | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. 3:13-2005 |
| DAVID A. VARANO, et al., | : (Judge Mannion) |
| Defendants | : |

## MEMORANDUM

## Background

Anthony Gennarelli, an inmate presently confined in the State Correctional Institution, Coal Township ("SCI-Coal Township"), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names the following SCI-Coal Township employees as Defendants: Superintendent David A. Varano; Deputy Superintendent John Doe; and Facility Maintenance Manager Gary Shomper. Along with his complaint, Plaintiff submitted an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. §1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. §1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit).

Also, a new section was added which relates to screening complaints in prisoner actions.[1]

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, as legally frivolous pursuant 28 U.S.C. §1915(e)(2)(B)(i).

When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] "The frivolousness determination is a discretionary one," and

---

[1]. Section 1915(e)(2) provides:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th

trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

> The Plaintiff's complaint, including typographical errors, states in toto:
>
> The Plaintiff contends he returned to this block on July 24, 2012, which consists of outside concrete steps. The Plaintiff complains it was during that time, he was or did come into contact with a concrete excavation on the steps because of this – holes; excavation which Plaintiff complains was approximately more then (1)-one, inch in depth, and in lien of this hole on a specific step, that Plaintiff thereof sustained a broken ankle due to the deterioration of the concrete. Moreover, Plaintiff complains because of the poorness and unkept of maintenance – care and control, the step has been left unattended and by leading to have has received this certain amount of excavation in the concrete itself, which in all itself he complains that because of such hole or excavation is the proximity that caused the Plaintiff's sustained injury, pain and suffering.

(Doc. No. 1, complaint at 2). Thus, the Plaintiff filed the instant action, claiming that the Defendants violated the Eighth Amendment "when they acted with deliberate indifference to prison conditions complained of herein mentioned above." Id. For relief, plaintiff seeks compensatory and punitive damages.

**Discussion**

---

Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

3

A plaintiff, in order to state a viable §1983 claim, must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or by laws of the United States. E.g., Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir.), cert. denied, 469 U.S. 1019 (1984). A defendant's conduct must have a close causal connection to plaintiff's injury in order for §1983 liability to attach. Martinez v. California, 444 U.S. 277, 285 (1980).[3]

Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. Id. at 834.

To prevail on a failure to protect claim under 42 U.S.C. §1983, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant was deliberately

---

3. The Martinez court explained: "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Id.

indifferent to the risk. Id. at 833, 837. To establish deliberate indifference, a plaintiff must show that the prison official was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. Id. at 837. "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.2001). Knowledge may be shown where the official has actual notice of the risk, Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir.1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and must have known about it." Farmer, 511 U.S. at 842.

Here, Gennarelli simply asserts that Defendants were negligent for failing to maintain a safe environment at SCI-Coal Township. Claims of negligence, however, without a more culpable state of mind, do not constitute deliberate indifference. See Singleton v. Pennsylvania Dept. Of Corrections, 266 F.3d 186, 193 n. 2 (3d Cir.2001). Although a hole in concrete stairs may pose a substantial risk, Gennarelli's allegations against the named Defendants

do not reflect the deliberate indifference required to impose liability under the Eighth Amendment. Mere negligence resulting in such an accident does not rise to the level of a constitutional violation under the Eighth Amendment and, accordingly, is not cognizable in a §1983 action. See Daniels v. Williams, 474 U.S. 327, 332 (1986)((holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by a deputy sheriff does not state a §1983 claim).

Accordingly, this Court finds that Defendants' conduct, at best, constituted negligence and, as such, does not implicate the Plaintiff's constitutional rights under §1983[4]. Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that

---

4. To the extent that Gennarelli states any state-law claims, pursuant to 28 U.S.C. §1367(c)(3), the Court declines to exercise supplemental jurisdiction over them. Those claims will be dismissed without prejudice to any right the plaintiff may have to pursue them in state court. In so holding, the Court expresses no opinion as to the merits of any such claims.

§1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: August 6, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-2005-01.wpd